Robert W. LYNCH et ux., Appellants,

v.

SOUTH TEXAS LUMBER COMPANY,
Appellee.

No. 5021.

Court of Civil Appeals of Texas.

El Paso.

June 16, 1954.

Rehearing Denied July 14, 1954.

Snodgrass & Smith, San Angelo, for appellants.

Strasburger, Price, Kelton, Martin & Miller; W. M. Taylor, Jr., and Royal H. Brin, Jr., Dallas, Hart Johnson, Ft. Stockton, for appellee.

McGILL, Justice.

This suit was brought by appellants as plaintiffs against appellee as defendant, to recover compensatory damages for the death of their minor son, Robert Stanley Lynch, who was between four and five years of age, under the provisions of Article 4671 et seq., of the Revised Civil Statutes, Vernon's Ann.Civ.St. art. 4671 et seq. Trial was to a jury, and on answers to special issues submitted the court rendered judgment that plaintiffs take nothing.

The defendant was operating a retail lumber yard. W. T. Buckner, the grandfather of the deceased minor, went to the yard for the purpose of buying lumber. He went into the office, placed his order and was then sent back by the manager into the lumber yard, where his pickup truck

was parked, to have the lumber cut and loaded. He saw nothing about the premises that required him to warn the minor of any known danger. He did not notice any stacks of lumber which seemed likely to fall and injure anyone. Defendant's employees were filling the order by pulling out boards and sawing them into the required lengths. Buckner told the minor to get back out of the way of the saw and the child went around behind him and out of his vision and immediately thereafter the noise of falling lumber was heard. The child was out of Buckner's sight for a very short interval of time when the lumber in one of the bins fell upon him, causing his death shortly thereafter. The jury found negligence on the part of defendant in several respects. They failed to find (12) that plaintiffs failed to exercise ordinary care in permitting their son to go to the lumber yard at the time and on the occasion in question. They further found (14) that Buckner failed to look after the child on the occasion in question; (15) they did not find that Buckner failed to exercise ordinary care in failing to look after the child; (17) they found that Buckner permitted the child to play around the stacks of lumber; (18) that Buckner failed to exercise ordinary care in permitting the child to play around the stacks of lumber; (20) that he failed to exercise ordinary care in not keeping the child from going into the bin in question; (21) that such failure proximately caused or contributed to cause the injury and death of the child; (22) that Buckner failed to keep a proper watch over the child at the time and on the occasion in question; (23) that such failure caused or proximately contributed to cause the injuries and death of the child; (24) that Buckner failed to keep the child where he could see and supervise his actions at the time and on the occasion in question; (25) the jury did not find that Buckner failed to use ordinary care in not keeping the child where he could see and supervise his actions; (27) that Buckner failed to properly look after the child at the time and on the occasion in question; (28) they failed to find that such failure was the sole proximate cause of the accident; (30)

271 S.W.2d—29½

that $10,000 would compensate the plaintiffs for the pecuniary loss suffered by them as the result of the death of their son.

█ Appellants have presented five points on which they seek a reversal. Their second point is that the court erred in the submission of special issues inquiring as to the negligence of the custodian because there was no evidence and the evidence was insufficient to raise such issues. We overruled this point. While there was no evidence that the grandfather knew of any impending danger in the lumber yard because of improperly stacked lumber or for any other reason, yet there was evidence that the child was very active for a child of his age, that he had a rope with which he was playing cowboy, and that he had come in such proximity to the saw with which the lumber was being sawed that his grandfather thought it necessary to tell him to get away from the saw. Under these circumstances we think the jury were well within their rights in concluding that under these circumstances the grandfather in the exercise of ordinary care for the child's safety should have kept him within view at all times while he was in the lumber yard; that he should have foreseen that he might enter the lumber bins and climb upon the lumber, and that he thereby would have placed himself in a position of peril. The question of negligence vel non is primarily a question of fact for the jury and we are not prepared to say that under the facts of this case there is no evidence to support their findings of contributory negligence upon the part of the grandfather custodian.

█ By their first point appellants earnestly contend that the jury having absolved the parents of the child of negligence, the negligence of the custodian should not be imputed to them so as to bar their recovery for the death of the child. Appellants concede that this question is one of first impression on this state, and that the majority rule in other states is against their contention. This is undoubtedly so. 16 Am.Jur. p. 94, Sec. 136, Annotations 23 A.L.R. 657. While there

are cogent reasons supporting the minority view, we feel constrained to follow the majority rule. The only citations which are listed in the annotation as supporting the minority view are from Iowa and South Carolina. It is our view that if Texas is to be placed in the minority column this should be done by the court of last resort of the State and not by an intermediate court of appeals. We therefore follow the majority view and hold that the negligence of the custodian is imputable to the parents of the child and bars them from recovery. However, since appellants by their fourth point contend that there were conflicts in the findings of the jury and that hence these findings destroy each other and are insufficient to support a judgment, it is necessary to determine whether or not such conflicts do exist, since if they do the judgment cannot be affirmed, but the cause must be remanded for another trial.

 The court did not define the words "look after" as used in the 14th and 15th findings. As we construe these words their ordinary meaning as applied to the facts of this case implies the thought of supervision, that is, to watch after, to guard, to protect (See 25 Words and Phrases 600), not merely to keep the child within the vision of the custodian. With this meaning attributed to these words there is an irreconcilable conflict between findings 15 and findings 17 and 18, as well as findings 20, 22 and 27. If Buckner was not negligent in failing to look after the child as we construe the words "look after", he could not have been negligent in permitting him to play around the stacks of lumber, since the word "permit" necessarily implies knowledge of the act permitted. Nor could he have been negligent in not keeping the child from going into the lumber bin, since negligence in such respect necessarily implies that he had knowledge or was charged with knowledge that the child was likely to go into the bin. There is also an irreconcilable conflict between the answers to special issues Nos. 25 and 18 and 20. If Buckner was not negligent in not keeping the child where he could see and supervise his actions, he could not have been negligent in permitting him to play around the stacks of lumber, or in not keeping him from going into the bins, since negligence in either of these respects necessarily implies knowledge, or that he was chargeable with knowledge, that the child was likely to do these acts. These conflicts were pointed out to the trial court and he was requested to instruct the jury to try to reconcile them. This he refused to do. This was error.

It is therefore ordered that the judgment be reversed and the cause remanded for another trial.

Reversed and remanded.